IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CARLTON WATSON,**
**Plaintiff,**

**VS.**                                                            **Civil Action No. 2:12CV134-JMV**

**ALL-STAR CHEVROLET, INC.**
**and LARRY DePRIEST,**
**INDIVIDUALLY,**
**Defendants.**

**ORDER ON MOTION TO DISMISS CERTAIN CLAIMS**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE**
**12(b)(1) and 12(b)(6)**

**I. BACKGROUND**

This matter is before the court on Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Federal [sic] Procedure 12(b)(1) and 12(b)(6) [13]. Defendants seek to dismiss certain claims asserted in the Complaint [1] filed by Carlton Watson on July 25, 2012, wherein he alleges violations of Title VII and 42 U.S.C. § 1981 and asserts the Mississippi state law claims of intentional and negligent infliction of emotional distress, the tort of outrage/outrageous conduct, and wrongful termination. *See* Doc. 1 ¶¶ 14-29. In particular, Plaintiff asserts that in 2008, he was unlawfully reassigned from the position of a regular employee at All-Star Chevrolet, Inc. ("All-Star"), to the classification as an "independent contractor," with the result of depriving him of perks and benefits allowed regular employees. Plaintiff alleges that his demotion, and resulting lack of perks, was "because of the motivation, which was both systemic and persuasive at All-Star, amounting to racial hatred and/or bias and /or prejudice." *See id.* at ¶¶ 6,7. Plaintiff further alleges that his ultimate termination from All-Star in December of 2011 was racially motivated. *See id.* at ¶ 11. Finally Plaintiff complains that at some unspecified

time(s) the defendant sponsored advertising that he believes was demeaning to African Americans; refused to certify him to participate as a used car dealer because of his race; and required him to wait on African American customers who Plaintiff asserts were, due to their race, perceived to be poor credit risks by the defendants.

Following his termination of employment in December 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 11, 2012. Notably, for purposes of the instant motion, the Charge alleges race discrimination only insofar as relates to Plaintiff's December 2011, termination. No mention of discrimination in any other manner is alleged, and the Charge indicates that no continuing violation is asserted.

## II. DISCUSSION

In their motion to dismiss, Defendants assert that because Plaintiff does not separately delineate the causes of action asserted against Defendants in separately numbered counts of the Complaint, they have themselves (for the purpose of fashioning their motion) labeled six separate counts perceived by them to be asserted by Plaintiff as follows:

    Count I - Title VII Claims Related to Plaintiff's 2008 Change
    in Employment Status ("2008 Title VII Claim");

    Count II - Title VII Claims Related to Plaintiff's 2011
    Termination ("2011 Title VII Claim");

    Count III - 42 U.S.C. 1981 Claims Related to Plaintiff's 2008
    Change in Employment Status ("2008 Section 1981 Claim");

    Count IV - 42 U.S.C. 1981 Claims Related to Plaintiff's 2011
    Termination ("2011 Section 1981 Claim");

    Count V - State Law Claims of Intentional and Negligent
    Infliction of Emotional Distress; Tort of Outrage/Outrageous

>Conduct; and Wrongful Termination Related to Plaintiff's 2008
>Change in Employment Status ("2008 State Law Claims"); and
>
>Count VI - State Law Claims of Intentional and Negligent
>Infliction of Emotional Distress; Tort of Outrage/Outrageous
>Conduct; and Wrongful Termination Related to Plaintiff's 2011
>Termination ("2011 State Law Claims").

The court will consider these claims seriatim.

### 1. 2008 Title VII Change in Job Status Claim

With regard to Count I, Defendants assert that this court lacks subject matter jurisdiction because Plaintiff did not include this discrete act of alleged discrimination (change in employment status in 2008) or for that matter, any claim, other than one based on his 2011 termination, in the Charge he filed with the EEOC in January 2012. Title VII claims must be brought before the EEOC in a Charge of Discrimination within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). A precondition to seeking relief from a discriminatory employment practice under Title VII is the exhaustion of the applicable administrative remedy, or filing of a charge with the EEOC. *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). The Fifth Circuit has held that the failure to exhaust the administrative remedies in Title VII cases requires a dismissal of a complaint for lack of subject matter jurisdiction. *See id.* at n. 7. Claims that are not brought before the EEOC for consideration and investigation by the EEOC cannot be considered by a district court. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2414 (2006)). Since the filing of an EEOC charge is a prerequisite to a Title VII suit, the claims in a subsequent federal court lawsuit are limited to those claims which could reasonably be expected to grow out of the EEOC investigation. *Fine v.*

*GAF Chem. Corp.*, 995 F.2d. 576, 578 (5th Cir. 1993).

Because Plaintiff's claim that his status was changed from an employee to an independent contractor position in 2008 because of his race–and any allegations of hostile work environment asserted in the complaint–were never mentioned in Plaintiff's EEOC Charge, so as to have put the EEOC on notice about the possibility of such claims, said Title VII claims must be dismissed for lack of subject matter jurisdiction. *See Randel v. U.S. Dept. of Navy,* 157 F.3d 392, 395 (5th Cir. 1998).

2. 2011 Title VII Termination Claim

Defendants assert, with regard to Plaintiff's 2011 termination claim, that only if Plaintiff was an employee–and not an independent contractor–at the time of the alleged discriminatory act, does he have standing to bring a claim under Title VII. *Diggs v. Harris Hospital-Methodist*, 847 F.2d 270, 272 (5th Cir. 1988). However, while it is accurate that courts have generally ruled that independent contractors are not employees and are, therefore, not covered under Title VII, *see Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1159 (5th. Cir. 1986), they have been careful to do so based not on an assigned label, but an analysis of the economic realities and common control indicia of a particular circumstance. *See id.* at 160.

In the instant case, Defendants hope to avoid this analysis, which would require factual development, by asserting that Plaintiff has admitted he was not an employee of All-Star Chevrolet at the time of his termination in 2011. However, this assertion mischaracterizes the subject complaint wherein Plaintiff takes specific issue with the appropriateness of the "independent contractor" label as applied to him for title VII purposes. Accordingly, Defendants' motion to dismiss this count based on standing is denied at this time.

### 3. 2008 § 1981 Claim & 2008 State Law Claims

Defendants move to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's claims as set forth in Counts III and V for failure to state a claim upon which relief can be granted. A "civil complaint only survives a 12(b)(6) motion to dismiss if it contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). The court must construe the complaint in the light most favorable to the plaintiff. *Scanlan v. Tex. A & M Univ.,* 343, F.3d 533, 537 (5th Cir. 2003). However, "[w]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 550 U.S. at 558. Factual allegations by the plaintiff must be enough to raise a right to relief above the speculative level. *Id*. at 557.

Section 1981 claims are subject to the statute of limitations period applied to the most closely analogous state law claim. *Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002). The Court in *Felton* held that, "[i]t is undisputed that, under Mississippi law, the relevant period (for 42 U.S.C. § 1981 claims) is three years." *Id.* In the instant case, Plaintiff made an allegation of wrongful employment reclassification against Defendants almost five years *after* the alleged reclassification, and though Plaintiff argues in his response memorandum that Defendants engaged in a continuous course of discriminating against him so as to allow Plaintiff to link all of his time barred § 1981 allegations to his 2011 termnation, this argument is without merit.

Plaintiff's 2011 termination was a separate and distinct act from his change of status in 2008. In *McGregor v. Louisiana State University Bd. of Supr's*, 3 F.3d 850 (5th Cir. 1993), the

5

Fifth Circuit ruled that each decision regarding a proposed accommodation for the plaintiff was a different, permanent decision that could not form the basis for a continuing violation. *McGregor*, 3 F.3d at 866. Here, the continuing violation theory asserted by Plaintiff is not a mechanism to provide Plaintiff with a link between all of his discrete and non-discrete claims. *Huckabay v. Moore*, 142 F.3d 233, 240 (5th Cir. 1998).

The Fifth Circuit in *Huckabay* held that a plaintiff's demotion was a distinct and separate act from any day to day discrimination. *Id*. at 239-40. Mr. Huckabay alleged that his employer engaged in generally racist employment practices and fostered an atmosphere where white employees were treated poorly and were made the subject of ridicule and harassment due to their race. *Id*. at 223. The plaintiff was demoted once, which was a discrete event that should have put the employee on notice that a cause of action had accrued. *Id.* The plaintiff in *Huckabay* was also allegedly denied a promotion, which the court also considered a separate isolated occurrence apart from the purportedly continually violative hostile environment. The court ultimately held that "these adverse actions [failure to promote and demote], though racially motivated, cannot be lumped together with the day-to-day pattern of racial harassment, for they were isolated occurrences that should have put [plaintiff] on notice that a claim had accrued." *Id.* at 240. The court in *Huckaby* ruled that the demotion and failure to promote were untimely and not continuing violations, for which plaintiff could not recover. *Id.*

Similarly, a past act of discrimination which has continued negative consequences is not enough to assert a continuing violation. The U. S. Supreme Court in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1979), held that even though a past act deprives an employee of pay and benefits, it is not considered a continuing violation. Furthermore, the Fifth Circuit has

specifically held that "a plaintiff cannot use the continuing violation theory to resurrect claims about discrimination in the past although its effects persist." *McGregor*, 3 F.3d at 867.  The court went on to state that "courts must be careful not to confuse continuous violations with a single violation followed by continuing consequences." *Id.*  (internal citations omitted).

Finally, because the applicable statute of limitations has run on all of Plaintiff's 2008 state law claims as well, they are likewise dismissed.

### III. CONCLUSION

For the foregoing reasons, Counts I, III, and V of Plaintiff's Complaint as delineated herein are hereby Dismissed.  Additionally, the stay previously entered in this case is hereby lifted.

**SO ORDERED** this 4th day of December, 2012.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE